# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 18, 2009

138459

AMANDA LAFNER and AARON HEAGLE,
          Plaintiffs-Appellants,

v

CITY OF FLINT,
          Defendant-Appellant.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 138459
COA: 282669
Genesee CC: 05-082535-NI;
05-082800-NI

On order of the Court, the application for leave to appeal the February 3, 2009 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

I concur in this Court's order denying plaintiffs' application for leave to appeal. I write separately only to observe that plaintiffs expressly waived the only argument on which a basis might have been established for granting this application.

Plaintiffs were involved in an automobile accident on a county highway under the jurisdiction of defendant city of Flint. Plaintiffs claim that the driver lost control of his vehicle when he hit a large pothole causing the passenger side tires to go onto the shoulder of the road. Because the shoulder had an "edge drop-off" anywhere from 2 to 6 inches in height, the driver apparently oversteered to return to the pavement. In the process, he crossed over the centerline and collided with an oncoming vehicle. Plaintiffs, who were in the oncoming vehicle, filed this action, alleging that the city is liable under the highway exception to governmental immunity. The trial court denied defendant's motion for summary disposition and the Court of Appeals reversed.

In *Grimes v Dep't of Transportation*, 475 Mich 72, 73 (2006), a case involving MCL 691.1402, this Court held that the "shoulder is not within the [highway] exception because it is not 'designed for vehicular travel.'" However, the liability of a municipal

highway authority may conceivably be *expanded* by MCL 691.1402a(1), which states in pertinent part:

> Except as otherwise provided by this section, a municipal corporation has no duty to repair or maintain, and is not liable for injuries arising from, a portion of a county highway outside of the improved portion of the highway designed for vehicular travel, including a sidewalk, trailway, crosswalk, or other installation. This subsection does not prevent or limit a municipal corporation's liability if both of the following are true:
>
> (a) At least 30 days before the occurrence of the relevant injury, death, or damage, the municipal corporation knew or, in the exercise of reasonable diligence, should have known of the existence of a defect in a sidewalk, trailway, crosswalk, or other installation outside of the improved portion of the highway designed for vehicular travel. . . .

Thus, on the one hand, § 1402 grants governmental immunity to highway authorities for injuries occurring on "sidewalks, trailways, crosswalks, or any other installation outside of the improved portion of the highway designed for vehicular travel." On the other hand, § 1402a(1) may *additionally* impose liability upon a municipal authority for injuries occurring on "a sidewalk, trailway, crosswalk, or other installation outside of the improved portion of the highway designed for vehicular travel," if the municipal authority knew or should have known of the defect at least 30 days before the accident and the defect is the proximate cause of the injury. Although a shoulder is not "designed for vehicular travel" pursuant to § 1402, it may, at least conceivably, constitute an "other installation outside of the improved portion of the highway designed for vehicular travel" pursuant to § 1402a(1).

Although plaintiffs raised the argument that § 1402a(1) imposed additional liability upon defendant in the lower courts, this argument was expressly waived in the instant application.

KELLY, C.J., and HATHAWAY, J., would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 18, 2009

*Corbin R. Davis*

Clerk